IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRICK MAGIYA AGASA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2120-L |
| | § | |
| UNITED STATE OF AMERICA | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

Petitioner Derrick Magiya Agasa, a native and citizen of Kenya, has filed an application for writ of habeas corpus challenging a final decision of the United States Embassy denying his request for an immigrant visa. On November 13, 2006, petitioner tendered a *pro se* complaint with attachments to the district clerk and filed a motion to proceed *in forma pauperis*. Because the information provided by petitioner in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to petitioner in order to obtain additional information about the factual and legal basis of this suit. Petitioner answered the interrogatories on January 22, 2007. The court now determines that this case should be dismissed for lack of subject matter jurisdiction.

II.

Although his complaint and interrogatory answers are difficult to decipher, it appears that petitioner is attempting to challenge the summary denial of his visa application on due process and equal protection grounds. Petitioner alleges that he was qualified for a diversity visa in 2006, but was discriminated against by employees of the United States Embassy in Nairobi, Kenya. By this suit, petitioner seeks an order compelling his admission to the United States.

A.

The court initially observes that there is no jurisdictional basis for habeas relief under 28 U.S.C. § 2255--the statute cited by petitioner in his complaint and interrogatory answers. Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. Petitioner, who has never resided in the United States, is not "in custody" under a sentence imposed by a federal court. Nor is he seeking release from custody. Rather, petitioner brings this action to compel his admission to this country. Habeas relief is not available for that purpose.[1]

B.

To the extent petitioner seeks a writ of mandamus against United States Embassy officials who denied his visa application, the court lacks jurisdiction to grant such relief. By statute, various

---

[1] It is not clear whether petitioner has ever been convicted of a criminal office in his native Kenya. To the extent petitioner wishes to challenge any such conviction, he must do so under Kenyan law.

executive agencies, including the State Department and Justice Department, regulate the entry of aliens into the United States. *See* 8 U.S.C. § 1101, *et seq.*; 8 C.F.R. Part 1, *et seq.*; 22 C.F.R. Parts 40-45. The Immigration and Nationality Act ("INA") grants authority over the issuance of visas to United States consular officials. *See* 8 U.S.C. §§ 1104(a) & 1201-02. The Fifth Circuit has repeatedly held that a consular officer's decision to deny a visa is not subject to judicial review. *See, e.g. Perales v. Casillas*, 903 F.2d 1043, 1046 (5th Cir. 1990); *Mulligan v. Schultz*, 848 F.2d 655, 657 (5th Cir. 1988); *Centeno v. Shultz*, 817 F.2d 1212, 1213 (5th Cir. 1987), *cert. denied*, 108 S.Ct. 696 (1988). Although federal courts retain jurisdiction to address substantial constitutional challenges to the immigration statutes, "[w]here a constitutional claim has no merit . . . we do not have jurisdiction." *Alexis v. U.S. Attorney General*, 431 F.3d 1291, 1295 (11th Cir. 2005), *quoting Gonzalez-Oropeza v. U.S. Attorney General*, 321 F.3d 1331, 1333 (11th Cir. 2003). Here, petitioner does not challenge any immigration law on constitutional grounds. Instead, he seeks judicial review of the decision denying him admission to the United States. Petitioner's general allegations of unspecified due process and equal protection violations do not create a "substantial constitutional claim" that vests the court with jurisdiction. *See Alexis*, 431 F.3d at 1295 (rejecting due process and equal protection challenges to immigration judge's decision denying adjustment of status to Haitian refugee).

## **RECOMMENDATION**

Petitioner's complaint should be summarily dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: January 26, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE